952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman KATZ; Suzanne L. Hill, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 90-70622.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1991.
Decided Jan. 6, 1992.
 
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Appellants, Norman Katz and his wife, Suzanne Hill, appeal the Tax Court's decision upholding the Commissioner of Internal Revenue Service's ("Commissioner") determination that appellants are deficient in their federal income tax for taxable year 1984 and are subject to additions to the tax. Appellants argue that the Tax Court erred in: 1) not properly considering uncontradicted evidence that advances to Katz by his corporation were a loan and that Katz had repaid the loan; and 2) not deciding whether the proceeds received were "dividend income" or "compensation income." We have jurisdiction pursuant to 26 U.S.C. § 7482, and we affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 In 1984, Katz was a certified public accountant, employed by Norm Katz, C.P.A., Ltd., Inc., a professional service corporation in the business of preparing tax returns for clients ("the corporation"). Katz owned all of the 1,000 shares of issued and outgoing stock in the corporation. Katz was the chairman and only member of the board of directors; and was also the president, secretary, and treasurer. Hill the vice president.
 
 
 4
 Katz formed the corporation in 1983. Between October 1, 1983, and December 31, 1983, the corporation advanced Katz $10,723.72 in exchange for a five-year promissory note bearing twelve percent interest. Because the corporation sustained a net operating loss, Katz decided that the corporation should pay him no compensation for 1983.
 
 
 5
 In 1984, Katz received a salary advance of $86,003 from the corporation. In January, 1985, Katz filed Forms W-2 for himself and his wife indicating that they had received wages or salary in 1984 in the amounts of $11,650 and $21,800, respectively, totaling $33,450. On March 1, 1985, the corporation decided to compensate Katz for services provided in 1984 by forgiving his indebtedness in the amount of $14,045 in principal and $1,287 in interest. Katz issued the corporation a five year promissory note in the amount of $70,670.69 bearing an interest rate of twelve percent (apparently a miscalculation of the remaining indebtedness). At the same time, the corporation forgave Katz' 1983 debt in the amount of $10,723.72 and $1,287 of unpaid interest on that debt.
 
 
 6
 On its 1984 Form 1120 the corporation reported payment of compensation to officers in the amount of $26,056. On Katz' and his wife's 1984 Form 1040, filed jointly on September 3, 1985, they reported $26,056 as income resulting from the forgiveness of indebtedness by the corporation but reported no wages or salary from the corporation.
 
 
 7
 On October 8, 1986, Commissioner informed appellants by notice that the information on their Form 1040 differed from that on the corporation's Forms W-2. Katz explained that the salaries reported on the W-2 had not been approved by the corporation's directors and that he had previously submitted an amended Form 941c to the IRS. The IRS never received such amended form.
 
 
 8
 On September 18, 1987, the IRS issued a statutory notice of deficiency to appellants for the taxable year 1984. The notice set the deficiency at $8,665 based on the taxpayers' non-reporting of income of $33,450 as had been stated in the Forms W-2. The notice also included additions in the amount of $4,070.25. On October 7, 1987, Katz sent the IRS corrected Forms W-2 for 1984.
 
 
 9
 In December, 1987, Katz filed a petition in the Tax Court challenging the statutory notice of deficiency. The Commissioner's amended answer to the petition alleged that the entire $86,003 received in 1984 constituted taxable income. This increased appellant's total tax deficiency for 1984 to $24,289 plus increased additions to tax for that year.
 
 
 10
 The Tax Court ruled that the $86,003 did not constitute a loan from the corporation to Katz, and that the appellants were liable for the additions to tax.
 
 STANDARD OF REVIEW
 
 11
 The Tax Court's factual determination will not be disturbed unless they are clearly erroneous. Stern v. Commissioner, 747 F.2d 555, 557 (9th Cir.1984). Issues of law are reviewed de novo. Id.
 
 DISCUSSION
 I. Consideration of Evidence
 
 12
 Appellants argue that the Tax Court failed to consider uncontradicted evidence in finding that the $86,003 advance made by the corporation to Katz was income rather than a loan. First, they claim that they produced sufficient evidence to meet the legal standard set out by the Tax Court for determining whether proceeds from a closely held corporation to one of its shareholders are a loan. They argue that the Tax Court improperly applied a higher standard to Katz because he was a certified public accountant and, accordingly, refused to accredit evidence offered by Katz which was uncontradicted. Second, appellants argue that the Tax Court failed to give proper consideration of loan repayment documents that were put into evidence as joint exhibits, and thereby erroneously concluded that the advances had not been repaid to the corporation.
 
 
 13
 Appellants further contend that in its erroneous treatment of the evidence, the Tax Court did not comply with Federal Rule of Civil Procedure 52(a) which states that in a civil action tried without a jury the trial judge "shall find the facts specially" which "findings of fact ... shall not be set aside unless clearly erroneous." We think this argument confuses the import of that Rule. Fed.R.Civ.P. 52(a) calls for a greater deference to a trial court's findings, and for even greater deference when they are based on determinations of a witness's credibility. Anderson v. Bessemer City, 470 U.S. 564, 575 (1984). A trial court may reject even uncontradicted testimony "because of its inherent unbelievability, because a witness's demeanor raises doubt as to his sincerity, or because the testimony is clouded with uncertainty." Jauregui v. City of Glendale, 852 F.2d 1128 (9th Cir.1988) (quoting Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 514 n. 8 (9th Cir.1985)); see also United States v. DeRobertis, 766 F.2d 270, 273 (7th Cir.1985), cert. denied, 475 U.S. 1053 (1986) (a judge may disbelieve uncontradicted testimony without giving any reason). Moreover, "factual findings need only be explicit enough to give this court a clear understanding of the basis of the [trial] court's decision and to enable us to determine the grounds on which the [trial] court reached its decision." Toombs v. Leone, 777 F.2d 465, 469 n. 5 (9th Cir.1985).
 
 
 14
 Here, the Tax Court's factual findings were explicit enough to give this court a clear understanding of the basis for its decision: the Tax Court determined that Katz was incredible and untrustworthy. First, the Tax Court acknowledged the thrust of appellants' evidence tending to establish a loan, but determined that Katz' "actions superficially conformed with statutory and case law criteria because [Katz] was knowledgeable about tax law." The Tax Court found Katz' credibility further undermined by his admission of using corporate funds for personal expenses knowing that to be improper. Neither the record nor the court's decision supports the claim that a higher standard was applied to Katz because he was a certified public accountant. Second, the Tax Court found that Katz' statements that the loan had been repaid to be self-serving and that none of the evidence of repayment was credible. Because appellants produced sufficiently objective evidence that the advances constituted a loan and that they were repaid, the Tax Court's finding that appellants' evidence was not credible is at least not clearly erroneous.
 
 II. Classification of the Income
 
 15
 Appellants also claim that it was error for the trial court to hold that the transactions were not loans without contemporaneously determining whether the receipts by Katz were "dividend income" or "compensation income." They contend that the sum involved could not be characterized as dividend income because it exceeded the corporation's earnings and profits at the end of 1984. They also contend that, viewed as salary, it could not be held to be reasonable compensation. They reason that since the transactions constituted neither dividend income nor salary, they logically should be held to constitute a loan.
 
 
 16
 Neither appellants' brief nor their Excerpt of Record indicate, however, that appellants raised this argument in the Tax Court. This court will generally not consider issues raised for the first time on appeal. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985); see Hormel v. Helvering, 312 U.S. 552, 557-59 (1941). There are three exceptions to this general rule: 1) review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial system; 2) the law has changed while appeal is pending; or 3) the issue presented is purely an issue of law. Bolker, 760 F.2d at 1042. Because none of these exceptions are applicable here, we need not address appellants claim.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3